NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 21, 2018

G. Martin Meyers, Esq.
Justin A. Meyers, Esq.
Law Offices of G. Martin Meyers, P.C.
35 West Main Street, Suite 106
Denville, NJ 07834
*Counsel for Defendant 110 Skyline LLC*

William Thomas Anastasio, Esq.
Law Offices of William T. Anastasio
338 Main Street
Chatham, NJ 07928
*Counsel for Plaintiffs*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:     Nicosia Enterprises, LLC et al. v. 100 Skyline, LLC, et al.**
**Civil Action No. 17-12013 (SDW) (LDW)**

Counsel:

    Before this Court is Defendant 110 Skyline LLC's ("Skyline" or "Defendant") Motion to Dismiss Plaintiffs Nicosia Enterprises, LLC and Mario Mannino's ("Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion.

## DISCUSSION

### A.

    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual attack to a court's subject matter jurisdiction. "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fail to comport with the jurisdictional prerequisites.'" *Halabi v. Fed. Nat'l Mortg. Ass'n*, 2018 WL 706483, at *2 (D.N.J. Feb. 5, 2018)

(internal citations omitted). In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

### B.

On or about December 30, 2004, Nicosia executed a commercial mortgage note for a property in Fairfield, New Jersey ("Fairfield property").[1] (Compl. ¶¶ 9-12; Dkt. No. 4-3 Ex. A.) Mannino is a member of Nicosia. (Dkt No. 4-3 Ex. B. ¶ 4.) On January 21, 2015, Skyline filed a complaint in the Superior Court of New Jersey, Chancery Division, Essex County to foreclose on that mortgage, alleging Nicosia had defaulted on the loan ("State Court Action"). (Dkt. No. 4-3 Ex. A.) Nicosia and Mannino answered the Complaint on March 2, 2015. (*Id.* Ex. B.) Skyline then moved to appoint a rent receiver. (*Id.* Ex. C.) In their opposition, Nicosia and Mannino cross-moved to dismiss the Complaint. (*Id.* Ex. D.) The State Court denied Skyline's motion on September 29, 2015. (*Id.* Ex. E.) On December 7, 2015, Skyline moved to strike Nicosia and Mannino's Answer for failure to comply with discovery obligations. (*Id.* Ex. G.) The State Court granted Skyline's motion to strike without prejudice on January 8, 2016 and gave Skyline permission to file for default judgment. (*Id.* Ex. H.) Before Skyline did so, Nicosia and Mannino sold the Fairfield property and paid off the mortgage held by Skyline. (*Id.* Ex. I.)

On November 21, 2017, Plaintiffs brought suit against Skyline and its parent companies in this Court, alleging that Skyline had wrongfully "force[d] Nicosi[a] into default." (Compl. ¶¶ 21-24, 27-28.)[2] On January 12, 2018, Defendant moved to dismiss for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. (Dkt. No. 4.) Plaintiffs timely filed their opposition on January 26, 2018 and Defendant replied on January 30, 2018. (Dkt. Nos. 5, 6.)

---

[1] The original lender, Pamrapo Savings Bank, S.L.A., was succeeded by merger by BCB Community Bank. (Compl. ¶ 5.) Skyline purchased the mortgage and note from BCB. (Compl. ¶ 5.)
[2] Hardly a model of clarity, Plaintiff's Complaint fails to specify any statutory, regulatory or common law bases for the three-counts contained in the Complaint and, in fact, appears to copy verbatim sections of Defendant's State Court Complaint.

"The entire controversy doctrine 'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court....'" *Arab African Intern. Bank v. Epstein,* 10 F.3d 168, 171 (3d Cir.1993) (quoting *Cogdell v. Hosp. Ctr. at Orange,* 116 N.J. 7, 15, 560 A.2d 1169 (1989)); *see also Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 209 n. 130 (3d Cir. 2016). The doctrine "requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Paramount Aviation Corp. v. Agusta,* 178 F.3d 132, 135 (3d Cir.1999). Similar to res judicata, the entire controversy doctrine is an affirmative defense, and it applies in federal courts "when there was a previous state-court action involving the same transaction." *Bennun v. Rutgers State Univ.,* 941 F.2d 154, 163 (3d Cir.1991); *see also Rycoline Prods. v. C & W Unlimited,* 109 F.3d 883, 886 (3d Cir.1997) ("The Entire Controversy Doctrine is essentially New Jersey's specific, and idiosyncratic, application of traditional res judicata principles."). Further, the doctrine explicitly applies in foreclosure actions to the extent that the counterclaims and cross-claims are germane to the foreclosure proceeding. N. J. Ct. R. 4:64–5; *In re Mullarkey,* 536 F.3d 215, 22829 (3d Cir.2008). Germane claims to a foreclosure action include claims "arising out of the mortgage transaction." *Mullarkey,* 536 F.3d at 229 (internal quotation marks omitted).[3]

Here, both Plaintiffs and Defendant litigated their dispute regarding Plaintiffs' alleged default in the State Court Action. The complaint in the State Court Action sought to, *inter alia*, foreclose on the Fairfield property and direct Nicosia and Mannino to pay the amount due on the mortgage. Nicosia and Mannino answered the complaint, opposed a motion to appoint a rent receiver by, in part, accusing Skyline of wrongfully forcing them into default, and moved to dismiss the complaint. All of the issues involved in Plaintiff's current suit were raised, or should have been raised, in the State Court Action. Indeed, Plaintiffs had ample opportunity to litigate these issues by participating in the discovery process and/or moving to have their answer

---

[3] This Court is unpersuaded by Defendant's alternative arguments that the *Rooker-Feldman* doctrine and the concept of res judicata also bar Plaintiff's Complaint.

"The *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera,* 586 F.3d 228, 232 (3d Cir. 2009) (internal citation omitted). The doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (internal citation omitted). Similarly, res judicata is the common law doctrine "barring relitigation of claims or issues that have already been adjudicated." *Velasquez v. Franz,* 123 N.J. 498, 505, 589 A.2d 143 (1991); *see also Perino v. Fed. Nat. Mortg. Ass'n,* No. 2:15-CV-01063 SDW, 2015 WL 4743950, at *2 (D.N.J. Aug. 11, 2015). The doctrine "advances the goals of fairness, efficiency, and finality." *Watkins v. Resorts Int'l Hotel & Casino,* 124 N.J. 398, 412, 591 A.2d 592 (1991). Res judicata applies when there has been "(1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Elkadrawy v. Vanguard Grp., Inc.,* 584 F.3d 169, 172 (3d Cir. 2009). In other words, res judicata "bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Attorney Gen. of U.S.,* 621 F.3d 340, 347 (3d Cir.2010).

Plaintiff's Complaint does not invite this Court to review and reject the state court's judgments, nor does Plaintiff complain of injuries from such judgments, as there was no actual adjudication on the merits on any issue presently before this court. As such, neither *Rooker-Feldman* nor res judicata are applicable.

reinstated.  This Court does not serve as a second bite of the proverbial apple for a party disgruntled with how a state court matter was resolved.  The entire controversy doctrine prohibits Plaintiffs from now re-litigating issues they raised in the proceedings below.

## <u>CONCLUSION</u>

Defendant's Motion to Dismiss the Second Amended Complaint will be **GRANTED**. An appropriate order follows.

   /s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J


Orig:   Clerk
cc:      Parties
          Leda D. Wettre, U.S.M.J.